IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00517-RJC
(3:06-cr-00119-RJC-2)

| | |
|---|---|
| PHUC VAN TRAN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence. (Doc. No. 1). For the reasons that follow, Petitioner § 2255 Motion to Vacate will be dismissed.

I.  BACKGROUND

On April 28, 2006, Petitioner was indicted on one count of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D) (Count 1); one count of possession of marijuana with intent to distribute, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 18 U.S.C. § 2 (Count 2); one count of possession of a firearm during and in relation to a drug trafficking crime, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 3); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 4). (3:06-cr-00119, Doc. No. 4: Bill of Indictment).

On March 29, 2012, Petitioner pleaded guilty pursuant to a plea agreement to Counts 1,

1

2, and 4 of his indictment in exchange for the Government's agreement to dismiss Count 3.[1] In the plea agreement, the parties expressly agreed pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure that an appropriate sentence in Petitioner's case was 5-years' imprisonment, notwithstanding his eventual Guidelines range. (Id., Doc. No. 46: Plea Agreement ¶¶ 1-2, 7(b); Doc. No. 47: Acceptance and Entry of Guilty Plea).

Prior to sentencing and the preparation of his Presentence Investigation Report ("PSR"), Petitioner provided the following written statement to the probation officer detailing his involvement in the events that led to his indictment:

> 15. "On the 16th day of March, 2006, Mr. Tran was residing in a middle class neighborhood at 1609 Candlewood Ridge Lane, Matthews, North Carolina. On that date, he had purchased approximately 30 to 50 pounds of marijuana of that was in a spare bedroom in his house. Also in the house were a number of firearms that were in Mr. Tran's constructive or actual possession, some of which were in his bedroom.
>
> 16. "In the early morning hours, Mr. Tran was in bed with his girlfriend in his upstairs bedroom, and his roommate, Tho Nguyen, was in bed in a separate bedroom across the hall with his girlfriend. At approximately 4:00 in the morning, a group of at least three masked individuals, armed with firearms, broke into the residence. More than one of the intruders came into Mr. Tran's bedroom and held him at gunpoint. One or more of the intruders demanded that Mr. Tran show them where the money and/or drugs were. Mr. Tran was allowed to dress, and he was forced out of his bedroom at gunpoint. His girlfriend was allowed to return to the room and hid in the closet. Meanwhile, Mr. Nguyen was in his bedroom and was aware of what was taking place in the hallway. (Note: From the various witness statements, it is difficult to determine the exact sequence of events and because of the seriousness of the injuries Mr. Tran suffered, his memory of the details after he was shot is not entirely clear.) He armed himself with a shotgun, took cover behind his bed, and pushed his girlfriend into a corner. In the hallway, one of the intruders struck Mr. Tran on the head with a gun, and he was then shot in the back and/or abdomen at which point he lost consciousness. He was later found on the floor downstairs, apparently having fallen down the steps.
>
> 17. "At or near the same time Mr. Nguyen got into a confrontation with the intruders, and he discharged his shotgun (loaded with bird shot) at the intruders.

---

[1] Petitioner was a fugitive for roughly five years after he was indicted in this matter.

> They returned fire, and a shootout ensued. Mr. Nguyen shot one of the intruders, and he was shot in the leg. Mr. Nguyen ran out of shells, he grabbed a handgun and the shotgun and he pursued the intruders out of the house.
>
> 18. "Law enforcement and emergency services were summoned, and the officers began their investigation. According to the investigators, Mr. Tran was questioned both at the house and at the hospital, and he first allowed and then refused to allow the offices to search the house. Mr. Tran does not recall the conversation, but he does not deny that it took place. The officers later obtained a search warrant and located a quantity of marijuana weighing less than 50 kilograms in the house, which had been delivered to Mr. Tran.
>
> 19. "At the hospital, Mr. Tran underwent emergency surgery; his condition was life threatening. He was not placed into custody because of the seriousness of his condition. Within the next 48 hours, Mr. Tran left the hospital against medical advice, although he was still in the intensive care unit. He remained a fugitive until arrested in 2011.
>
> 20. "Mr. Tran has prior convictions for multiple vehicle thefts in 1993 in South Carolina which are felonies punishable by more than one year in prison."

(Id., Doc. No. 52: PSR ¶¶ 15-20).

Although Petitioner's Guidelines range was 33-41 months in prison, the parties agreed in the plea agreement that a five-year term of imprisonment was appropriate. During sentencing, the Court accepted the parties' agreement for the five-year sentence after concluding a sentence above the Guidelines range was reasonable in Petitioner's case. (Id., Doc. No. 55: Statement of Reasons). On November, 14, 2012, Petitioner was sentenced to a term of 60-months' imprisonment and he did not appeal. (Id., Doc. No. 54: Judgment).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

In this collateral proceeding, Petitioner first argues that he is entitled to relief from his sentence based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional.[2] (3:16-cv-00517, Doc. No. 1: Motion to Vacate).[3]

Specifically, Petitioner contends that he is entitled to relief under Johnson because the § 922(g) charge to which he pleaded guilty did not provide him with "fair notice of conduct prohibited and invited arbitrary enforcement." (Motion to Vacate at 1-2). This argument is plainly without merit. The facts as admitted to by Petitioner in his statement to the probation officer that are set forth in his PSR clearly demonstrate that Petitioner knowingly possessed a firearm and that he did so after having been convicted of multiple felonies. Put another way, the

---

[2] In Welch v. United States, the Supreme Court held that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

[3] Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense." Id. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:
    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another."*

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause."). The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii).

holding in Johnson is wholly inapposite to the validity of Petitioner's § 922(g) conviction.

Moreover, Petitioner admitted under oath during his Rule 11 colloquy that he was in fact guilty of the § 922(g) offense. It is well-settled that a petitioner is bound by his sworn statements that he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted therefore his present challenge must fail. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

In his second argument, Petitioner contends that he is entitled to sentencing relief under 18 U.S.C. § 3852 based on the "782 retroactive amendment." (Motion to Vacate at 1, 3). This claim for relief is not proper in a collateral proceeding, but rather Petitioner must seek such relief, if at all, by filing a motion in his criminal case.

IV. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner has failed to state a claim for relief and his § 2255 Motion to Vacate will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate is **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-

El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**SO ORDERED**.

Signed: July 26, 2016

Robert J. Conrad, Jr.
United States District Judge